# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ATLAS ASSET MANAGEMENT REALTY, LLC., an Illinois limited liability company | |
| Plaintiff, | Case No.: 1:24-cv-00706 |
| v. | Judge Steven C. Seeger |
| DEBRA BRECKENRIDGE-JONES, an Illinois resident | Magistrate Judge M. David Weisman |
| Defendant. | |

## PLAINTIFF'S SECOND MOTION TO REMAND AND FOR OTHER RELIEF

Plaintiff Atlas Asset Management Realty LLC, an Illinois limited liability company ("Atlas Asset"), through its attorneys Michael Murphy Tannen and Timothy Ryan Meloy of Tannen Law Group, P.C., here tenders its second motion to remand this cause to the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C.A §1447(c) and for other relief. Atlas Asset states as follows:

### Procedural History

1. This is not the first time Defendant Breckenridge-Jones has wrongfully dragged this state law property tax deed case to federal court.

2. On June 21, 2021, Breckenridge-Jones filed her first notice of removal in this Court. Her first Notice alleged vague and unsubstantiated claims of violations of securities law and Generally Accepted Accounting Principles, as well as Constitutional issues involving Native land, which this property is not. She also alleged that the federal court had original admiralty jurisdiction; the house is nowhere near water.

3. Breckenridge-Jones has not paid real estate taxes on this small house on the South Side of Chicago since 2008.

4. Breckenridge's first Notice of removal was randomly assigned to Judge Kocoras. American Real Estate LLC, the then-tax deed purchaser, timely filed a motion to remand in July 2021. (The original motion to remand, *sans* exhibits, is attached as **Exhibit A**. Judge Kocoras granted the motion for remand ten days later. (See order, attached as **Exhibit B**.)

5. After the tax deed case was sent back to state court where it belonged, Breckenridge-Jones filed a flurry of motions, including:

- She appealed the order directing the issue of the tax deed. She lost. The appellate court found that Breckenridge-Jones was properly served; the tax purchaser had strictly complied with the statutory requirements to get a tax deed; and there were no constitutional impediments to the issuance of the tax deed. (See appellate court order of May 12, 2023, **Exhibit C**.)[1]

- She filed a petition for rehearing in the Illinois appellate court. The petition for rehearing was denied. (See order denying same, **Exhibit F**.)

- She filed a petition for leave to appeal with the Illinois Supreme Court. The petition was not allowed. (See order not allowing PLA, **Exhibit G**.)

- She objected to Atlas Asset's motion to substitute itself as party plaintiff. She lost; see **Exhibit H**.

- After Atlas finally procured an order of possession, on January 24, 2024, Breckenridge-Jones filed a motion to vacate the possession order based on the lack of subject matter jurisdiction. (See **Exhibit I**.) She filed her second notice of removal in state court the next day.

---

[1] During her state court appeal, Breckenridge-Jones was ordered to post a supersedeas bond. She filed papers showing that she purportedly posted a so-called "supersedeous [sic] private discharging indemnity bond" for $75,000 and secured by her supposed deposit of $300,000,000 with the United States Treasury Secretary. (See **Exhibit D**.) This device appears to be a scam. (See various orders from other cases, attached as **Exhibit E**.) In this Court, Breckenridge-Jones wants to proceed *in forma pauperis*. (See Docket No. 3.)

**Defendant's Second Removal Petition Is Untimely**

6. As a threshold matter, a notice of removal must be timely filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. §1446(b). Failure to effect timely removal under 28 U.S.C. § 1446(b) is a procedural defect in removal, not a jurisdictional one, and it is waived unless raised by a plaintiff within thirty days of the date of removal. See 28 U.S.C. § 1447(c); *In re Continental Cas. Co.*, 29 F.3d 292, 293-95 (7th Cir.1994). The thirty-day removal clock will begin to run only when the defendant receives a pleading that affirmatively and unambiguously reveals that the predicates for removal are present. *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013).

7. Even generally, this case is not removable. This case has been litigated in the Circuit Court of Cook County since August of 2019. (See tax deed case docket, **Exhibit J.**) The Petition for tax deed was filed by plaintiff's predecessor in interest on August 26, 2019, and the Application for Tax Deed was filed on February 20, 2020. *Id*. Defendant first entered the case by filing her appearance and objection on March 6, 2020. *Id*. Defendant's participation at this stage means that, according to §1446(b), she would have needed to file her notice of removal by April 5, 2020 at the latest. This was not done when she filed her first removal petition in 2021; she has not done so now.

**This Court Does Not Have Federal Question Subject Matter Jurisdiction**

8. Federal District Courts only have original subject matter jurisdiction over actions concerning federal questions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. A defendant may remove a case filed in state court if the federal court would have had original jurisdiction to hear the case. 28 U.S.C. § 1441(a).

9. In an action for removal, the removing party bears the burden of demonstrating that removal is proper. *Betzner v. Boeing Co.*, 910 F.3d 1010, 1014 (7th Cir. 2018). Any doubt regarding jurisdiction should be resolved in favor of remand. *Thornton v. Hamilton Sundstrand Corp.*, 121 F.Supp.3d 819, 823 (N.D.Ill., 2014); *Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 758 (7th Cir.2009); *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir.1993).

10. The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Elftmann v. Vill. of Tinley Park*, 191 F.Supp.3d 874, 878 (N.D. Ill. 2016).

11. Furthermore, a defendant's federal defenses or counterclaims are not sufficient to establish federal question jurisdiction. See *Caterpillar,* 482 U.S. at 393*, Chicago Tribune Co. v. Bd. of Tr. of Univ. of Ill.*, 680 F.3d 1001, 1003 (7th Cir. 2012); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002). Therefore, a case will generally not be removable if the complaint does not affirmatively allege a federal cause of action. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Allowing a counterclaim to establish "arising-under" jurisdiction would undermine the plaintiff's role as "master of the complaint" and would instead allow an answering defendant to defeat a plaintiff's choice of forum. See *Vornado* 535 U.S. at 831-32.

12. Notwithstanding these tenets for removal jurisdiction, Breckenridge mentions in one sentence in her petition—with no corresponding detail or allegations--seven sections of the United States Code and five amendments to the United States Constitution as supposed defenses to Plaintiff's state law pleadings. This falls far short of invoking federal court removal jurisdiction.

13. Plaintiff's petition for tax deed was filed in the Circuit Court of Cook County under state procedures, concerns state law governing state taxation, and serves as the complaint in this case. A petition for tax deed is not a civil action arising under the Constitution, laws, or treaties of the United States, and therefore does not confer upon this court the requisite federal question jurisdiction over the matter at hand.

14. In addition, the defendant's allegations concerning federal law do not confer such jurisdiction on the Court. Breckenridge-Jones asserts, in support of removal, that various federal and Constitutional provisions are implicated by the proceedings in state court. However, she vaguely asserts these violations and none that are specifically cited create a cause of action. For this, and because the plaintiff did not initiate the current suit under such a cause of action, §1441 is not satisfied and there is no basis for removal.

15. Because the underlying proceedings concern exclusively issues and questions of state tax law, and no elements of the petition for tax deed that serves as the complaint in this case allege causes of action sufficiently federal in nature, this court has no subject-matter jurisdiction and this case should be remanded to the Circuit Court of Cook County. Furthermore, because the defendant did not file her notice of removal within the statutory 30-day period, such a move is procedurally deficient, and this case should be remanded to the Circuit Court of Cook County.

### **Atlas Asset Is Entitled to Attorneys' Fees and Costs under Section 1447(c)**

16. There is no merit to Breckenridge-Jones's second petition for removal. Under Section 1447(c), Atlas Asset requests costs and expenses, including attorneys' fees, which Atlas Asset has incurred in preparing and filing this motion for remand. Breckenridge-Jones had no objectively reasonable basis for removal of Atlas Asset's case. *See, Lott v. Pfizer, Inc.*, 492 F.3d

789 (7th Cir. 2009). Clearly established law at the time of removal foreclosed removal. Id. Under clearly established law, Breckenridge-Jones's removal of Atlas Asset's case comes far too late.

WHEREFORE, Plaintiff Atlas Asset Management Realty LLC respectfully requests that this court enter an order, pursuant to 28 U.S.C. §1447, remanding this case to state court. Plaintiff seeks its attorneys' fees and costs in preparing and filing this motion to remand pursuant to 28 U.S.C. §1447( c). Plaintiff seeks such other relief as this Court deems just and fair.

>Respectfully Submitted,
>TANNEN LAW GROUP, P.C.
>
>  /s/ *Michael Murphy Tannen*
>*Attorneys for Plaintiff Atlas Asset Management Realty LLC*

Michael M. Tannen (#6204635)
*mtannen@tannenlaw.com*
Timothy R. Meloy (#6325769)
*tmeloy@tannenlaw.com*
Tannen Law Group, P.C.
77 W. Washington Street, Suite 500
Chicago, IL 60602
312.641.6650